OPINION
{¶ 1} Plaintiffs-appellants, Louis Rick Keefer et al., appeal from the March 11, 2003 decision rendering judgment on the merits for defendant-appellee, Ohio Department of Job and Family Services ("ODJFS") and denying appellants' motion for a preliminary injunction. For the reasons that follow, we affirm the decision of the court of common pleas.
 {¶ 2} Appellants are classified exempt employees of ODJFS, whose job responsibilities were reassigned and/or transferred as part of the reorganization under Section 19, Am.Sub.H.B. No. 470 ("Section 19, H.B. No. 470"), which states in pertinent part:
During the period beginning July 1, 2000, and ending June 30, 2002, the Director of Job and Family Services has the authority to establish, change, and abolish positions for the Department of Job and Family Services, and to assign, reassign, classify, reclassify, transfer, reduce, promote, or demote all employees of the Department of Job and Family Services who are not subject to Chapter 4117. of the Ohio Revised Code.
* * *
Actions taken by the Director of Job and Family Services or the Director of Administrative Services * * * are not subject to appeal to the State Personnel Board of Review.
 {¶ 3} On July 1, 2000, the Ohio Bureau of Employment Services and the Ohio Department of Human Services merged forming ODJFS. Prior to the merger, appellants were employed by the Department of Human Services as Account Managers. On May 3, 2002, ODJFS notified appellants that they were being assigned new positions effective May 5, 2002. According to appellants, they were demoted and their pay was frozen. ODJFS asserts that appellants were still gainfully employed with ODJFS at the same annual salary they received before the reorganization.
 {¶ 4} On May 2, 2002, appellants, as taxpayers, filed a motion for a temporary restraining order ("TRO") and preliminary injunction prohibiting the state of Ohio from paying their salaries and the salaries of every ODJFS employee who was transferred and/or reassigned as a result of Section 19, H.B. No. 470.[1] Appellants also alleged that Section 19, H.B. No. 470 was unconstitutional.
 {¶ 5} On March 11, 2003, the trial court determined that appellants failed to meet the requirements for obtaining a preliminary injunction. The trial court also declared that Section 19, H.B. No. 470 was valid and constitutional. It is from this entry that appellants appeal, assigning the following as error:
[I.] The lower court erred by concluding that federal and state law does not require a merit system for certain state employees whose positions were affected by Section 19 of amended substitute house bill 470.
[II.] The lower court erred by concluding that the plaintiffs-appellants were required to establish irreparable harm beyond the evidence that money damages would be inadequate.
[III.] The lower court erred by concluding that suspension of the state civil service laws does not violate Article XV Section 10 of the Ohio Constitution.
 {¶ 6} In their first assignment of error, appellants assert two arguments. First, appellants contend that with the implementation of Section 19, H.B. No. 470, ODJFS failed to comply with the federal merit selection system prescribed in Section 900, Title 5, C.F.R. Specifically, Section 900.601, Title 5, C.F.R. "recognizes fully the rights, powers, and responsibilities of State and local governments and encourages innovation and allows for diversity among State and local governments in the design, execution, and management of their systems of personnel administration * * *."
 {¶ 7} Appellants have failed to demonstrate how Section 19, H.B. No. 470 violates federal merit personnel requirements. The trial court noted at pages 9-10 of its decision that:
The federal statutes and regulations which plaintiffs cite neither impose specific details regarding a state's civil-service system nor prohibit changes in those civil-service laws after a state certifies that its civil-service system conforms to federal "merit" standards. While a state must certify compliance with federal "merit" standards, plaintiffs cite no legal authority which has held that any changes to a state's civil-service statutes after such a certification violates federal law, voids such a statutory change, renders such a certification "false," or permits plaintiffs to file suit for an alleged" false" certification. * * *
 {¶ 8} Furthermore, Section 19, H.B. No. 470 designates that "[t]he Director's actions shall be consistent with the requirements of 5 C.F.R. 900.603." For a two-year period, Section 19, H.B. No. 470 eliminated review by the Department of Administrative Services and appellate review by the State Personnel Board of Review pertaining to certain personnel changes. Appellants have not cited to any parts of the federal regulations in which Section 19, H.B. No. 470 violated. ODJFS' personnel system was, at all times, in compliance with the federal merit system. As such, appellants have not demonstrated a private right of action under the federal welfare statutes.
 {¶ 9} Secondly, appellants note that the only merit selection system that existed for the state of Ohio and the only one referenced to the federal government was R.C. Chapter 124, which embodies the Ohio civil service scheme on the state and local levels. Appellants argue that their transfers were contradictory to R.C. Chapter 124 and that ODJFS failed to comply with the requirements of R.C. 124.01 to 124.64.
 {¶ 10} As the trial court noted, appellants were not required to follow the mandates of R.C. Chapter 124 and disregard Section 19, H.B. No. 470. (Decision at 11.) The Legislature's intent was for Section 19, H.B. No. 470 to be given effect for a prescribed two-year period of time, temporarily giving the director of ODJFS the power to transfer and/or reassign employees without seeking approval of the Director of the Department of Administrative Services and furthermore, temporarily eliminating the right of a classified civil employee to appeal the personnel moves to the State Personnel Board of Review.
 {¶ 11} Section 19, H.B. No. 470 was duly enacted by the Legislature and therefore, possesses a strong presumption of constitutionality. SeeDesenco, Inc. v. Akron (1999), 84 Ohio St.3d 535, 538 (when reviewing the constitutionality of legislation the court presumes the statutes to be constitutional); Hughes v. Ohio Bur. of Motor Vehicles (1997),79 Ohio St.3d 305, 307 (when possible, a court in reviewing a statute will uphold its constitutionality); State v. Collier (1991),62 Ohio St.3d 267, 269 ("It is well established that all legislative enactments must be afforded a strong presumption of constitutionality"). Therefore, if Section 19, H.B. No. 470 is constitutional, it controls to the extent that it conflicts with R.C. Chapter 124. To prevail on this claim, appellants must show that the statute is unconstitutional beyond any reasonable doubt. State ex rel. Richard v. Bd. of Trustees of Police Fireman's Disability Pension Fund (1994), 69 Ohio St.3d 409,413. Had the General Assembly completely abandoned the federal and state regulation requirements, appellants' arguments might have merit. But appellants have cited no authority to support their contentions. Instead, Section 19, H.B. No. 470 merely eliminated review of the Director's actions by the Department of Administrative Services and the State Personnel Board of Review for a prescribed two-year period. Accordingly, appellants' first assignment of error lacks merit and is not well-taken.
 {¶ 12} In their second assignment of error, appellants contend, that as taxpayers, they have standing to bring this action to bar the transfers/demotions of ODJFS employees improperly placed into a position contrary to R.C. Chapter 124. Specifically, appellants are asserting their rights under R.C. 124.63 to enjoin the improper payment of compensation in violation of R.C. 124.01 to 124.64.
 {¶ 13} Granting or denying an injunction is within the sole discretion of the trial court. Perkins v. Quaker City (1956),165 Ohio St. 120; State ex rel. Miller v. Private Dancer (1992),83 Ohio App.3d 27, 32. The decision of the trial court will not be overturned absent an abuse of discretion. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 14} The decision as to whether an injunction should be granted depends upon the specific facts and circumstances of the case under consideration. Cullen v. Milligan (1992), 79 Ohio App.3d 138, 140. "Ordinarily, a party requesting a preliminary injunction must show that: (1) there is a substantial likelihood that the plaintiff will prevail on the merits; (2) the plaintiff will suffer irreparable injury if the injunction is not granted; (3) no third parties will be unjustifiably harmed if the injunction is granted; and (4) the public interest will be served by the injunction." Procter Gamble Co. v. Stoneham (2000),140 Ohio App.3d 260, 267. Each element must be established by clear and convincing evidence. Id. In determining whether to grant injunctive relief, no one factor is dispositive. Cleveland v. Cleveland Elec.Illum. Co. (1996), 115 Ohio App.3d 1, 14. The four factors must be balanced with the "flexibility which traditionally has characterized law of equity." Id.
 {¶ 15} At the onset, we note that R.C. 124.63 grants the taxpayer "[t]he right * * * to bring an action to restrain the payment of compensation to any person appointed to or holding any office or place of employment in violation of sections 124.01 to 124.64 of the Revised Code * * *." This section does not address transfers/demotions of employees. Therefore, R.C. 124.63 is inapplicable for the purpose of appellants' seeking to bar the transfers/demotions of ODJFS employees.
 {¶ 16} Looking at the specific facts and circumstances of this case, appellants have failed to establish by clear and convincing evidence that they are entitled to an injunction. First, based on the record before us, it appears that appellants do not have a reasonable likelihood of success on the merits of their claim. As discussed in assignment of error number one, Section 19, H.B. No. 470 is constitutional and did not violate the federal merit selection principles. Furthermore, ODJFS complied with Section 19, H.B. No. 407 in transferring/reassigning appellants.
 {¶ 17} We now analyze the second factor, whether appellants suffered irreparable harm by the trial court not granting their motion for a preliminary injunction. Irreparable harm is one for which there is no plain, adequate, and complete remedy at law, and for which money damages would be impossible, difficult, or incomplete. Cleveland Elec.Illum. Co., at 12.
 {¶ 18} Appellants allege that because no appeal of their transfer was available to the State Personnel Board of Review pursuant to Section 19, H.B. No. 470, they have no other means to pursue damages or corrective actions, thereby having no plain, adequate, and complete remedy at law. A review of the record reveals that, on May 24, 2002, appellants filed a lawsuit in federal district court against ODJFS and Thomas J. Hayes, in his official capacity as Director of ODJFS, alleging federal statutory violations under Section 1983, Title 42, U.S.Code. Through the Section 1983 claim, appellants were able to seek injunctive relief and monetary damages. Accordingly, we find no evidence in the record that appellants suffered irreparable harm when the trial court did not issue the preliminary injunction.
 {¶ 19} With regard to the third and fourth factors, it does appear that third parties would be unjustifiably harmed if the trial court granted appellants' motion, thereby not serving the public's interest. Appellants seek to enjoin ODJFS from paying a number of its 4,000 employees affected by Section 19, H.B. No. 470, along with the salaries of any other employees allegedly improperly placed in a new position in violation of R.C. Chapter 124. As the trial court noted, "seeking to bar payment of salaries via a taxpayer lawsuit * * * would harm other employees and recipients of state funds and would damage the public interest by interfering with the staffing, funding, and implementation of numerous, important, state-government programs." (Decision at 12.) Therefore, these factors weigh in favor of denying appellants' motion.
 {¶ 20} Therefore, we find appellants are unlikely to succeed on the merits, that appellants will not suffer irreparable harm without the injunction, the injunction will harm the public, and thus, the public interest weighs against granting a preliminary injunction. As such, appellants' second assignment of error is not well taken.
 {¶ 21} In their third and final assignment of error, appellants contend that Section 19, H.B. No. 470 suspends the civil service requirements in R.C. Chapter 124, thereby violating Section 10, ArticleXV, Ohio Constitution. Section 10, Article XV, Ohio Constitution, adopted in 1912, mandated civil service stating:
Appointments and promotions in the civil service of the state, the several counties, and cities, shall be made according to merit and fitness, to be ascertained, as far as practicable, by competitive examinations. Laws shall be passed providing for the enforcement of this provision.
 {¶ 22} As previously discussed, Section 19, H.B. No. 470 was duly enacted by the Legislature and therefore possesses a strong presumption of constitutionality. Section 10, Article XV, Ohio Constitution mandates appointments and promotions by competitive examinations "as far as practicable" and further grants the Legislature the power to establish a civil service system. Section 10, Article XV, Ohio Constitution gives the Legislature the authority to enact laws to enforce this provision. The appointment, assignment, reassignment, classification, transfer, reduction, promotion, or demotion in the classified civil service of the state are regulated by Section 10, Article XV, Ohio Constitution and the rules and regulations enacted in pursuance thereof. See Hagerman v.Dayton (1947), 147 Ohio St. 313. Section 19, H.B. 470 does not eliminate the civil service system and is therefore not unconstitutional.
 {¶ 23} Appellants have failed to demonstrate to this court that Section 19, H.B. No. 470 is unconstitutional. Section 19 provides for the administration of the civil service, albeit in a different format than it has been administered previously. However, this varying format, in and of itself does not violate the Ohio Constitution. Therefore, we conclude that Section 19, H.B. No. 470 comports with the principles of Section10, Article XV, Ohio Constitution. As such, appellants' third assignment of error lacks merit and is not well-taken.
 {¶ 24} For the foregoing reasons, appellants' first, second, and third assignments of error are overruled, and the decision of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
WATSON and SADLER, JJ., Concur.
[1] On June 17, 2002, an agreed entry was filed withdrawing the TRO motion and combining the proceedings on the preliminary injunction motion and on the merits.