OPINION
{¶ 1} In this accelerated calendar appeal, submitted on the record and briefs of the parties, plaintiff-appellant, Kenneth Miller, on behalf of Trumbull Industries, appeals from the judgment of the Trumbull County Court of Common Pleas denying his motion for injunctive relief. We affirm the judgment of the trial court.
 {¶ 2} This case is the latest in a series of lawsuits between the ownership families of Trumbull Industries, Inc. Trumbull Industries is a closely-held Ohio corporation engaged in the distribution of wholesale plumbing supplies. The officers and directors of Trumbull Industries are two sets of brothers. Murray Miller is President of Trumbull Industries, a director, and a 25% shareholder of the corporation. Murray's brother, Samuel H. Miller ("Sam H."), is a Vice-President, director, and a 25% shareholder. On the other side of this dispute is Kenneth Miller, Murray's and Sam H.'s cousin, who is Vice-President and Secretary of Trumbull Industries, a director, and a 25% shareholder. His brother, Samuel M. Miller ("Sam M."), is also a director and 25% shareholder in Trumbull Industries. The aforementioned individuals hold their shares either individually or through their individual trusts. There are no other owners, officers, or directors of Trumbull Industries, other than the aforementioned individuals. It is generally agreed among the parties that the two sets of brothers do not communicate with one another with respect to managing the business, have not held board meetings on a regular basis for a number of years, and that the Board has effectively been deadlocked since the mid to late 1990's, when the sole outside director of Trumbull Industries, Richard Mueller, left the Board.
 {¶ 3} Sam M. is not a party to the instant matter, but is involved as a defendant in related litigation pending in the Trumbull County Court of Common Pleas.[1] In that case, Murray and Sam H. filed suit against Sam M. and another individual both as individuals and as officers on behalf of Trumbull Industries, alleging that Sam M. breached his fiduciary duty to Trumbull Industries by denying it a business opportunity which Murray and Sam H. alleged rightfully belonged to the corporation. The parties to this action stipulated that Murray and Sam H. have spent approximately $142,000 in corporate funds in pursuit of the PBO litigation.
 {¶ 4} On May 11, 2004, after learning that Murray and Sam H. had used corporate funds to bring the suit against Sam M., Kenneth Miller filed the instant shareholder's derivative action, seeking "injunction and monetary relief," alleging that, Murray and Sam H. breached their fiduciary duty to the corporation by incurring and authorizing payment of legal fees in the PBO litigation "without seeking or obtaining approval" of the other shareholders and directors, in violation of Trumbull Industries' corporate regulations. In his prayer for relief, Kenneth demanded a judgment and accounting for all sums paid pursuant to the PBO litigation, and an order from the court enjoining defendants from paying additional legal fees "unless and until a majority of shareholders approves such payment." On May 28, 2004, Murray and Sam H. filed a motion to dismiss Kenneth's complaint, arguing that injunctive relief is improper, since the request for money damages contained in Kenneth's complaint is an adequate remedy at law.
 {¶ 5} On July 15, 2004, a hearing on Kenneth's request for preliminary and permanent injunction was held, in which Murray, Sam H. and Kenneth testified.[2] On August 17, 2004, the trial court rendered judgment in favor of Murray and Sam H., finding, in relevant part, that while there was no corporate authorization for the payment of the legal fees, such authorization was impossible, due to the hopelessly deadlocked nature of the board. The court further found that there was no irreparable harm to the corporation or Kenneth as a shareholder and that Kenneth's claim for money damages is an adequate remedy at law, therefore, injunctive relief was not appropriate.
 {¶ 6} Kenneth timely appealed, asserting a single assignment of error:
 {¶ 7} "The trial court entry [sic] erred in failing to grant plaintiff-appellant a preliminary injunction and/or a permanent injunction against defendants'-appellees' actions.
 {¶ 8} In his sole assignment of error, Ken argues that injunctive relief should have been granted, since his request satisfied the four-factor test for granting injunctive relief, and he has no other adequate remedy at law. We disagree.
 {¶ 9} The issuance of an injunction is a matter of judicial discretion and "absent an abuse of discretion by the trial court, an appellate court is not permitted to question the trial court's decision to deny or grant such relief." Control Data Corp. v. Controlling Bd. of Ohio (1983),16 Ohio App.3d 30, 35 (citations omitted); Garono v. State (1988),37 Ohio St.3d 171, 173; Perkins v. Quaker City (1956), 165 Ohio St. 120,125 (unless there is a plain abuse of discretion, reviewing courts will not disturb judgments to grant or refuse injunctions). An abuse of discretion consists of more than an error of law or judgment. Rather, it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Berk v. Matthews (1990), 53 Ohio St.3d 161, 169 (citation omitted).
 {¶ 10} In determining whether to grant an injunction, a court must look at the specific facts and circumstances of the case. Keefer v. OhioDept. of Job and Family Servs., 10th Dist. No. 03AP-391, 2003-Ohio-6557, at ¶ 14 (citation omitted). Furthermore, a party seeking a preliminary injunction bears the burden of establishing, by clear and convincing evidence, that "(1) there is a substantial likelihood that the plaintiff will prevail on the merits; (2) the plaintiff will suffer irreparable injury if the injunction is not granted; (3) no third parties will be unjustifiably harmed if the injunction is granted; and (4) the public interest will be served by the injunction." Id. citing Procter Gamblev. Stoneham (2000) 140 Ohio App.3d 260, 267. No one factor in the analysis is dispositive, but the four factors must be balanced as is characteristic of the law of equity. Id. (citation omitted).
 {¶ 11} The test for the granting or denial of a permanent injunction is substantially the same as that for a preliminary injunction, except instead of the plaintiff proving a "substantial likelihood" of prevailing on the merits, the plaintiff must prove that he has prevailed on the merits. Ellinos, Inc. v. Austintown Twp. (N.D.Ohio 2002),203 F.Supp.2d 875, 886; Edinburg Restaurant, Inc. v. Edinburg Twp.
(N.D.Ohio 2002), 203 F.Supp.2d 865, 873.
 {¶ 12} However, it is axiomatic that "[a]n injunction is an extraordinary remedy in equity where there is no adequate remedyavailable at law. It is not available as a right, but may be granted by a court if it is necessary to prevent a future wrong that the law cannot."Garono, 37 Ohio St.3d, at 173; Haig v. Ohio State Bd. of Ed. (1992),62 Ohio St.3d 507, 510 (emphasis added). Thus, even if the plaintiff can meet all of the aforementioned factors, an injunction must be denied where those claims "may be asserted and determined in another and different form of action." Multi Channel TV Cable Co. v. Madison City,Inc. (Jan. 23, 1989), 5th Dist. No. CA-2549, 1989 Ohio App. LEXIS 464, at *5 (citation omitted).
 {¶ 13} Ken argues that he satisfied the first element of prevailing on the merits, because appellees are not entitled to reimbursement for attorney fees incurred while the action is pending, as a matter of law.
 {¶ 14} In Ohio, it is generally accepted that, the authority to bring a lawsuit on behalf of a corporation, or to forego bringing a lawsuit, resides primarily in the Board of Directors. Drage v. Procter Gamble
(1997), 119 Ohio App.3d 19, 24; Flarey v. Youngstown OsteopathicHosp., 151 Ohio App.3d 92, 2002-Ohio-6899, at ¶ 11 (citation omitted); Doe v. Malkov 10th Dist. No. 02AP-90, 2002-Ohio-7358, at ¶ 23 (citation omitted). However, a corporate shareholder may bring a derivative action on behalf of the corporation, where "the board refuses to do so and that refusal is wrongful, fraudulent, or arbitrary, or is the result of bad faith or bias on the part of the directors." Malkov,
2002-Ohio-7358, at ¶ 23, (citation omitted).
 {¶ 15} Viewing the evidence in the light most favorable to the appellant, it appears likely that appellees acted without authority to bring the lawsuit on behalf of the company without approval from the Board of Directors, and, therefore, did not have authority to use company funds. However, contrary to appellant's argument, it does not necessarily follow that appellant is "substantially likely" to prevail on the merits, let alone that he has prevailed on the merits, without resolution of the underlying PBO litigation. Although the recovery of attorney fees is at the discretion of the trial court, McLaughlin v. Beeghly (1992),84 Ohio App.3d 502, 508, and the party seeking recovery of attorney fees has the burden of convincingly demonstrating the benefit of the derivative action to the corporation before fees can be awarded,Mlinarcik v. E.E. Wehrung Parking, Inc. (1993), 86 Ohio App.3d 134,146, it is not beyond the realm of possibility that attorney fees may
be awarded to appellees at the conclusion of the PBO litigation, once the merits have been determined. Thus, the logical flaw in appellant's argument is that without resolution of the PBO litigation, it is impossible to determine whether appellees would be entitled to recover attorney fees or not. As long as a possibility exists that appellees will prevail in the PBO litigation, appellant can no more prove that appellees would not be entitled to the recovery of attorney fees than appellees could prove that they would be entitled to them. Since "[d]irectors may be required to return to the corporate treasury money expended by them * * * which did not affect the corporation's rights, * * *" Griesse v.Lang (1931), 37 Ohio App. 553, 558 (citation omitted), we cannot accept, as a matter of law, the illegality of appellees' actions absent proof that the PBO litigation is of no benefit to the corporation. At this point in time, that issue is not ripe for consideration.
 {¶ 16} For the same reason, we reject appellant's argument that he will suffer irreparable harm if injunctive relief is not granted. "Irreparable harm is an injury for which there is no plain, adequate, and complete remedy at law, and for which money damages would be impossible, difficult, or incomplete." Lee v. Barber (July 2, 2001), 12 Dist. No. CA2000-02-014, 2001 Ohio App. LEXIS 2980, at *10, citing Cleveland v.Cleveland Elec. Illuminating. Co. (1996), 115 Ohio App.3d 1, 12. Our review of the record informs us that appellant has offered no evidence that he will be irreparably harmed. Appellant merely makes the allegation that he "will continue to be deprived of his role as a director and the Corporation eventually could be driven to bankruptcy or seriously injured," if injunctive relief is not granted. Such allegations, without some proof that appellees' actions have placed the corporation in imminent danger of bankruptcy, or proof that appellees are incapable of reimbursing the corporation for the unauthorized expenditures of corporate funds, render such harm speculative. Both parties stipulate that, as of the date of the hearing, Trumbull Industries paid $142,309.64 on behalf of appellees in pursuit of the PBO litigation. The law makes it clear that an "injunction is not a form of punishment, but an equitable remedy designed to alleviate a specific, prospective harm for which money damages will not compensate an injured plaintiff." Reuben H. DonnellyCorp. v. Mark I Marketing Corp. (S.D.N.Y. 1995), 893 F.Supp. 285, 294
(citation omitted) (emphasis added). Here, no such specific prospective harm is alleged. There is no evidence that appellant is incapable of being made whole through money damages, should appellees ultimately prove to be unsuccessful in the PBO litigation.
 {¶ 17} As for appellant's argument that he will be irreparably injured through appellees' actions depriving him of his role as a director, we note that this argument was not raised in the trial court. As a general rule, "issues not raised in the trial court cannot be raised for the first time on appeal." Fifth Third Bank v. Ducru Ltd. Partnership,157 Ohio App.3d 463, 2004-Ohio-1801, at ¶ 20 (citation omitted). However, we also note, that in cases such as this one, where the Board of Directors appears to be hopelessly deadlocked, R.C. 1701.911(A) allows for the appointment of a provisional director for the corporation "[u]pon the complaint of not less than one-fourth of the directors * * * [to] the court of common pleas of the county in which the corporation maintains its principal office." Appellant himself cites to this code section in support of his argument that appellees acted outside the ambit of Ohio Law by failing to bring the PBO litigation issue before the board for a vote, yet appellant fails to explain why he could not likewise avail himself of the same remedy.
 {¶ 18} While we agree with appellant that had the court issued the injunction, no third parties would be harmed, we do not find this dispositive of the issue. Likewise, we reject appellant's argument that an injunction would serve the public interest by "sending a message to other corporate directors, officers, and shareholders" that "proper corporate procedures" must be followed. As noted earlier, injunctive relief is an equitable remedy and is not to be used for punitive purposes.
 {¶ 19} Since appellant has failed to demonstrate, by clear and convincing evidence, that he did not have an adequate remedy at law, the trial court did not abuse its discretion in denying injunctive relief. Appellant's sole assignment of error is without merit. Accordingly, we affirm the judgment of the Trumbull County Court of Common Pleas.
Rice, J., O'Toole, J., concur.
[1] In the instant matter, the court took judicial notice of the lawsuit styled Murray A. Miller, et. al. v. Samuel M. Miller, et al.,
Trumbull County, Case No. 2003 CV 433, also known among the parties as the Private Brands or "PBO litigation." This case was filed on or about Feburary 24, 2003 and appears to have been filed as a derivative action. The PBO litigation is still pending. Evidence adduced at the hearing for injunctive relief shows that Sam M. started a company with an outside partner called Private Brands Ltd., which was described in the hearing for injunctive relief as a company that "private brands" plumbing materials, primarily toilets, for sale to other wholesalers, distributors and retailers. The crux of the PBO litigation, as this court understands it, is whether Private Brands is a direct competitor of Trumbull Industries and whether Sam M. offered this opportunity to the Board before forming Private Brands with an outside partner.
[2] By agreement of the parties, the hearing on Ken's motion for temporary and permanent injunction was consolidated with the hearing on Murray and Sam H.'s motion to dismiss.