[Cite as *Harris v. Bradley*, 2011-Ohio-445.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| DWAYNE HARRIS | : | JUDGES: |
| | : | |
| | : | Hon. Julie A. Edwards, P.J. |
| Plaintiff-Appellant | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2010 CA 0058 |
| C.V. BRADLEY, DWO, et al. | : | |
| | : | |
| | : | |
| Defendants-Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Richalnd County Court of Common Pleas Case No. 09 CV 1848 H

JUDGMENT:    AFFIRMED

DATE OF JUDGMENT ENTRY:    January 20, 2011

APPEARANCES:

For Plaintiff-Appellant:

DWAYNE HARRIS #211-083
P.O. Box 788
Mansfield, OH 44901

For Defendants-Appellees:

RICHARD CORDRAY
Ohio Attorney General

RYAN DOLAN
Assistant Attorney General
150 E. Gay St., 16th Floor
Columbus, OH 43215

*Delaney, J.*

{¶1} Plaintiff-Appellant Dwayne Harris appeals the April 15, 2010 judgment entry of the Richland County Court of Common Pleas granting summary judgment in favor of Defendants-Appellees, C.V. Bradley, Sergeant Long, Mrs. Kuhn-Lewis, and Ms. Harris.

## STATEMENT OF THE FACTS AND CASE

{¶2} On December 23, 1982, Appellant was originally admitted into the custody of the Ohio Department of Rehabilitation and Correction ("ODRC") after convictions in Cuyahoga County for one count of rape and one count of aggravated robbery. In 1989, Appellant was again convicted of one count of rape with a firearm specification, felonious assault with the same specification, and kidnapping with the same specification.

{¶3} Appellant is currently incarcerated at Mansfield Correctional Institution ("MCI"). On September 28, 2009, Appellant was given a conduct report by Corrections Officer M.L. Lewis. Lewis charged Appellant with a violation of MCI Rules 27 and 26: giving false information or lying to staff and disrespect to an officer. In accordance with O.A.C. §5120-9-07, a hearing officer found Appellant guilty on both charges and recommended as punishment that Appellant be placed on fourteen days cell restriction pursuant to MCI Policy No. 3C.002 ("policy"). On October 5, 2009, MCI's Rules Infraction Board affirmed the decision of the hearing officer. Appellant was placed on cell restriction from October 3, 2009 to October 17, 2009. On October 17, 2009 at 6:30 a.m., Appellant was no longer on cell restriction.

{¶4} MCI Policy No. 3C.002, amended October 8, 2008, provides policies and procedures for placement of inmates on cell restriction. The policy is a disciplinary tool to discourage rule violations by inmates. The policy states that if a hearing officer finds an inmate guilty of a rule violation, the hearing officer can recommend cell restriction as punishment. The MCI Rules Infraction Board must then certify that the inmate's conviction was obtained in compliance with applicable policies and procedures before the inmate can be placed on cell restriction.

{¶5} The policy defines "cell restriction" as "confinement to an inmate's assigned cell for a definite period of time." An inmate can be placed on cell restriction for a maximum of 14 days. Inmates on cell restriction are prohibited from work, recreation, recreational team participation, phones, participation in inmate groups not requiring attendance, and the purchasing of fund raising items. An inmate on cell restriction is permitted to leave their cell for the following reasons: meals, visits, education, medical appointments, one shower per day, sick call, pill call, emergencies, scheduled religious services, access to law library, access to the institution's commissary, access to the mail office, and access to mental health/recovery service programs. The inmate is permitted to exercise in their cell during cell restriction.

{¶6} On December 23, 2009, Appellant filed a complaint with the Richland County Court of Common Pleas against Appellees, alleging that the policy violated the Eighth Amendment's prohibition against cruel and unusual punishment. Appellant also requested a preliminary injunction against the enforcement of the Policy.

{¶7}   Appellees responded to the complaint and filed a motion for summary judgment on February 23, 2010.  Appellees also filed an opposition brief to Appellant's request for injunctive relief.

{¶8}   The trial court granted Appellees' motion for summary judgment and denied Appellant's request for preliminary injunction on April 15, 2010.

{¶9}   It is from this decision Appellant now appeals.

{¶10}   Appellant has failed to comply with App.R. 16(A)(3) as his brief does not include "[a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected."  Appellant has simply provided this Court with a "TABLE OF CONTENTS", which reads:

{¶11}   "I. TRIAL COURT WAS WRONG TO GRANT THE DEFENDANTS [SIC] SUMMARY JUDGMENT MOTION IN THEIR FAVOR BECAUSE DENIEDING [SIC] PLAINTIFF HARRIS ACCESS TO OUT OF CELL EXERCISE, IN VIOLATION OF THE EIGHTH AMENDMENT CONSTITUTIONAL RIGHTS OF CRUEL AND UNUSUAL PUNISHMENT.

{¶12}   "II. THE TRIAL COURT WAS WRONG TO DENIED [SIC] PLAINTIFF HARRIS PRELIMINARY INJUNCTION RELIEF, PER OHIO CIVIL RULE 65(B).

{¶13}   "III. THE TRIAL COURT WAS WRONG TO RULE THAT THERE IS NOT A REASONABLE LIKELIHOOD THAT PLAINTIFF HARRIS WOULD SUCCEED ON THE MERITS IN THIS CASE.

{¶14}   "IV. THE TRIAL COURT WAS WRONG TO RULE THAT PLAINTIFF HARRIS DIDN'T FACE A SUBSTANTIAL THREAT OF IRREPARABLE HARM.

{¶15} "V. THE TRIAL COURT WAS WRONG TO RULE THAT THE PUBLIC INTEREST WILL NOT BE DISSERVED BY A GRANT OF PRELIMINARY INJUNCTION.

{¶16} "VI. THE DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY."

**I.**

{¶17} Appellant argues the trial court erred when it granted Appellees' motion for summary judgment. We disagree.

{¶18} Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 448, 663 N.E.2d 639, 1996-Ohio-211:

{¶19} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274."

{¶20} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same

standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 506 N.E.2d 212.

{¶21} Appellant's complaint states that the Policy violates the terms of the constitutional prohibition against cruel and unusual punishment in the Eighth Amendment to the United States Constitution. The Eighth Amendment prohibits the infliction of "cruel and unusual punishments" on those convicted of crimes; it applies to the states through the Fourteenth Amendment. *Gumpl v. Wilkinson* (Aug. 31, 1994), Lorain App. No. 94CA005858 citing *Robinson v. California* (1962), 370 U.S. 660, 675, 8 L.Ed.2d 758, 768. To prove a violation of the Cruel and Unusual Punishment Clause, a plaintiff is required demonstrate (1) that he suffered a serious deprivation of human need and (2) that the defendant caused the deprivation by acting with deliberate indifference. *Smith v. Swanson*, Stark App. No. 2003CA00140, 2004-Ohio-2652, ¶10 citing *Gubanc v. Warren* (1998), 130 Ohio App.3d 714, 720, 721 N.E.2d 124.

{¶22} Appellant argues that cell restriction is cruel and unusual punishment because it prohibits Appellant from obtaining out-of-cell recreation. It has been held that "a total or near-total deprivation of exercise or recreational opportunity, without penological justification, violates Eighth Amendment guarantees." *Cammon v. Bell* (S.D. Ohio 2008), 2008 WL 3980469, No. 1:08-cv-479 citing *Patterson v. Mintzes*, 717 F.2d 284, 289 (6th Cir. 1983). In evaluating denial of exercise claims under the Eighth Amendment, the Court considers factors such as size of the cell, opportunity for contact with other inmates, time per day expended outside the cell, justifications for denial of the right to exercise, physical or psychological injuries resulting from a lack of exercise, and a particularized need for exercise. *Patterson*, 717 F.2d at 289. Prisoners are not

entitled to the same amount of exercise per day, nor is there an across-the-board constitutional minimum of daily exercise to avoid an Eighth Amendment violation. See *Rodgers v. Jabe*, 43 F.3d 1082, 1086-87 (6th Cir.1995).

{¶23} The policy in this case was promulgated under R.C. 5120.38 and was designed to provide consistent and written procedures for the placement and treatment of inmates on cell restriction at MCI. The policy is utilized as a penalty for institutional rule violations and before the penalty can be imposed, procedures are imposed to insure that an inmate's conviction for a rule violation was proper. In the present case, Appellant was found to have disrespected the corrections officer and gave the corrections officer false information.

{¶24} We find no Eighth Amendment violation in that the overall restriction was justified to punish Appellant's misconduct and to discourage further inappropriate behavior in the future. The safety of prison staff is a legitimate penological purpose. See *Cammon v. Bell*, supra.

{¶25} Upon our de novo review, we find that reasonable minds could only conclude that the Policy permitting cell restriction for violations of MCI rule does not violate the Eighth Amendment's prohibition against cruel and unusual punishment.

{¶26} Appellant's first Assignment of Error is overruled.

**II., III., IV., V.**

{¶27} We consider Appellant's second, third, fourth, and fifth Assignments of Error together as they argue that the trial court erred in denying Appellant's request for injunctive relief. We disagree.

{¶28} A party seeking a preliminary injunction bears the burden of establishing, by clear and convincing evidence, that "(1) there is a substantial likelihood that the plaintiff will prevail on the merits; (2) the plaintiff will suffer irreparable injury if the injunction is not granted; (3) no third parties will be unjustifiably harmed if the injunction is granted; and (4) the public interest will be served by the injunction." *AultCare Corp. v. Roach*, Stark App. No. 2008CA00287, 2009-Ohio-6186, ¶56 citing *Keefer v. Ohio Dept. of Job and Family Servs.*, 10th Dist. No. 03AP-391, 2003-Ohio-6557, ¶14. No one factor in the analysis is dispositive, but the four factors must be balanced as is characteristic of the law of equity. Id.

{¶29} For the reasons stated above, we find the trial court did not err in denying Appellant's request for injunctive relief. Appellant could not show, by clear and convincing evidence, that there was a substantial likelihood that he would prevail on the merits because a cell restriction prohibiting recreational activity does not violate the Eighth Amendment if it has a penological justification. As found above, the cell restriction in this case serves a legitimate penological purpose.

{¶30} Appellant's second, third, fourth, and fifth Assignments of Error are overruled.

**VI.**

{¶31} Appellant argues in his final Assignment of Error that the Appellees are not entitled to qualified immunity, as argued by Appellees in their summary judgment motion.

{¶32} Based on our findings on the above Assignments of Error, we find it unnecessary to address this argument.

{¶33}  Appellant's sixth Assignment of Error is overruled.

{¶34}  The judgment of the Richland County Court of Common Pleas is affirmed.

By: Delaney, J.

Edwards, P.J. and

Gwin, J. concur.


_____
HON. PATRICIA A. DELANEY


_____
HON. JULIE A. EDWARDS


_____
HON. W. SCOTT GWIN

[Cite as *Harris v. Bradley*, 2011-Ohio-445.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| DWAYNE HARRIS | : | |
| | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| C.V. BRADLEY, DWO, et al. | : | |
| | : | |
| | : | Case No. 2010 CA 0058 |
| Defendants-Appellees | : | |

 

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is affirmed.  Costs assessed to Appellant.


_____
HON. PATRICIA A. DELANEY


_____
HON. JULIE A. EDWARDS


_____
HON. W. SCOTT GWIN