KINNEY ET AL., APPELLANTS, *v.* OHIO
DEPARTMENT OF ADMINISTRATIVE
SERVICES ET AL., APPELLEES.

(No. 85AP-832—Decided
February 27, 1986.)

*Zingarelli & McKirahan, Larry R.
Zingarelli* and *Jay F. McKirahan,* for
appellants.

*Anthony J. Celebrezze, Jr.,* attorney
general, *Jeffrey J. Jurca* and *Richard A.
Green,* for appellees.

GEORGE, J. This case is on appeal
from a decision of the Court of Common
Pleas of Franklin County granting
defendants' motion for summary judg-
ment. The lower court determined that
the tort claims against the individual
defendants were asserted against them
in their capacity as state officials and,
thus, the correct forum was the Ohio
Court of Claims.

The instant case represents the sec-
ond suit between these parties. In the
first action, plaintiff George E. Kinney
sued his employer, the Ohio Department
of Administrative Services ("DAS"),
and various officials of that agency. He
claimed that his resignation was not vol-
untary because it was the product of
wrongful overt acts of coercion and
duress. Kinney's resignation was af-
firmed by the State Personnel Board of
Review. On appeal, the Court of Com-
mon Pleas of Franklin County found
that the board's decision was supported
by reliable, probative, and substantial
evidence. Upon further appeal, how-
ever, this court reversed the decision of
the board of review. *Kinney* v. *Dept. of
Admin. Services* (1984), 14 Ohio App. 3d
33, 14 OBR 37, 469 N.E. 2d 1007. In
*Kinney,* this court reviewed the totality
of the circumstances and held that the
resignation was involuntary and, thus,
ineffective. Therefore, the cause was
remanded to the trial court with instruc-
tions to reverse the decision of the
board.

Thereafter, Kinney entered into an
agreement with DAS. The stated pur-
pose of the agreement was to implement
the decision of this court in *Kinney* v.
*Dept. of Admin. Services.* In the agree-
ment, Kinney was to be reinstated with
either DAS or an agency acceptable to
him. He was awarded back wages in the
sum of $47,549.44, for the period of
January 17, 1983 to October 15, 1984.
He was also given his service credits and
all other benefits as would have accrued
during that period of time. The agree-
ment was dated September 28, 1984 and
was signed by Kinney and the Director
of DAS.

The instant action was then com-
menced pursuant to Sections 1981,

1983, 1985 and 1988, Title 42, U.S. Code, and Sections 1331 and 1343(a)(3), Title 28, U.S. Code. Kinney sought compensatory and punitive damages for an alleged deprivation of his property right of employment in violation of the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution. As noted, the lower court granted defendants' motion for summary judgment.

Appellants raise two assignments of error:

"I. The trial court below erred in granting appellees['] motion for summary judgment as there is a basis for a 42 U.S.C. 1983 action.

"II. The trial court below erred in finding that the claims against the individual defendants were asserted against them in their capacity as state officials."

Since these assignments of error are interrelated, they will be addressed together.

Under Section 1983, Title 42, U.S. Code, every person who, under color of state or territorial law, subjects any person within the jurisdiction of the United States, or causes any such person to be subjected to the deprivation of any rights, privileges, or immunities secured by the federal Constitution or laws, is liable to the party injured. Accordingly, there are two essential elements of a Section 1983 action: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt* v. *Taylor* (1981), 451 U.S. 527, 535.

With regard to the first element, it must be shown that an individual "person" committed the act. In addition, the liability of supervisory personnel must be based upon more than the mere right to control employees. In other words, the theory of *respondeat superior* is not applicable in Section 1983 actions. *Hays* v. *Jefferson County, Kentucky* (C.A. 6, 1982), 668 F. 2d 869, 872, rehearing denied (C.A. 6, 1982), 673 F. 2d 152, certiorari denied (1982), 459 U.S. 833. See, also, *Monell* v. *Dept. of Social Services* (1978), 436 U.S. 658.

Applying these principles to the instant case, the lower court properly dismissed DAS as it was not a "person" within the purview of Section 1983. The lower court also properly dismissed defendant Joseph Sommer, who signed the removal order but did not participate in Kinney's resignation, because any liability on his part would have to be based on *respondeat superior*. William Denihan, Ronald Remy, and Robert Dunbar, however, were direct participants and were clothed with the authority of state law. Thus, a Section 1983 action was properly maintainable against them.

With regard to the second element, this court must examine whether Kinney has suffered a deprivation of property without due process of law. He contends that his Section 1983 action is maintainable because his back-pay award did not cover all his damages; however, Kinney totally disregards the case of *Parratt* v. *Taylor, supra*. In that case, an inmate of a Nebraska prison had ordered hobby materials through the mail. After being delivered to the prison, the packages were lost when the normal procedure for delivery was not followed. The prisoner brought an action under Section 1983. The district court and the court of appeals held for the prisoner, but the United States Supreme Court reversed, holding that the respondent had not stated a claim for relief. In a particularly relevant passage, it noted:

"* * * It is argued that the State does not adequately protect the respondent's interests because it provides only for an action against the State as opposed to its individual employees, it contains no provisions for punitive

damages, and there is no right to a trial by jury. Although the state remedies may not provide the respondent with *all* the relief which may have been available if he could have proceeded under § 1983, that does not mean that the state remedies are not adequate to satisfy the requirements of due process. The remedies provided could have fully compensated the respondent for the property loss he suffered, and we hold that they are sufficient to satisfy the requirements of due process." (Emphasis added.) *Id.* at 543-544.

In the instant case, Kinney was awarded back pay, service credit, and all other accrued state benefits. This court holds that these remedies were adequate even though he may have been able to obtain greater relief under Section 1983. The Sixth Circuit Court of Appeals has reaffirmed the holding of *Parratt* v. *Taylor, supra,* in *Vicory* v. *Walton* (C.A. 6, 1983), 721 F. 2d 1062, rehearing en banc denied (C.A. 6, 1984), 730 F. 2d 466, certiorari denied (1984), 469 U.S. 834, and has recently extended the *Parratt* holding to deprivations of liberty. See *Wilson* v. *Beebe* (C.A. 6, 1985), 770 F. 2d 578.

Based upon the foregoing, the first assignment of error is overruled. The second assignment of error is overruled with respect to defendants DAS and Sommer. The second assignment of error is sustained with respect to defendants Denihan, Remy, and Dunbar; however, given the result in the first assignment of error, the judgment of dismissal is affirmed.

*Judgment affirmed.*

WHITESIDE and McCORMAC, JJ., concur.

GEORGE, J., of the Ninth Appellate District, sitting by assignment in the Tenth Appellate District.