GUBANC, Appellant,

v.

WARREN et al. Appellees, et al.

[Cite as *Gubanc v. Warren* (1998), 130 Ohio App.3d 714.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 18810.

Decided Dec. 16, 1998.

*Mary Margaret Rowlands,* for appellant.

*Maureen O'Connor,* Summit County Prosecuting Attorney, and *Tracey A. Wertman,* Assistant Prosecuting Attorney, for appellees.

DICKINSON, Judge.

Plaintiff Stan Gubanc has appealed from an order of the Summit County Common Pleas Court that granted summary judgment to defendants Richard Warren, Michael Toth, and Tim Davis [1] on federal claims based on Section 1983, Title 42, U.S. Code, and state claims based on negligence. He has argued that the trial court incorrectly granted summary judgment (1) on his federal claims, because a genuine issue of material fact existed concerning whether defendants acted with deliberate indifference in failing to provide him with adequate medical care, and (2) on his state law claims, because a genuine issue of material fact existed concerning whether defendants acted maliciously or willfully to deprive him of adequate medical care.[2] This court affirms the judgment of the trial court

---

1. These defendants are the Summit County Sheriff, the Chief of Corrections at the Summit County Jail, and the Summit County Executive.

2. Plaintiff's single assignment of error has been split for ease of discussion.

because plaintiff, in his response to defendants' motion for summary judgment, failed to demonstrate any genuine issue of material fact regarding his claims.

I

On September 11, 1995, plaintiff was incarcerated at the Summit County Jail to begin serving a sixteen-day sentence for several misdemeanor violations. He informed the staff at the jail that he was an insulin-dependent diabetic and that he required certain doses of medication at specific times during the day. ARA Correctional Medical Services Inc., a company hired by the county to provide around-the-clock medical services to inmates, suggested that plaintiff be held in the medical unit of the jail. Each cell in that section contains a medical services button that an inmate may press to summon medical help when needed.

Plaintiff claimed that he became violently ill when the medical staff refused to provide him with the specific doses of medication that he requested. Plaintiff alleged that his condition grew progressively worse over a thirty-six-hour period. During that time, deputies monitored plaintiff's condition and alerted ARA staff on several occasions. Furthermore, plaintiff was examined by the medical staff several times. His condition, however, apparently did not improve. On September 14, 1995, a referee of the Cuyahoga Falls Municipal Court ordered plaintiff released. According to defendants, upon request by the sheriff's office, the trial court routinely released sick inmates who were not in emergency or life-threatening situations, who were serving sentences for misdemeanor convictions, and who posed no danger to the community. Because he was ill, and fearing that he would not seek medical treatment himself, deputies drove plaintiff to Akron City Hospital. His attending physician noted that he was "admitted DKA," which means, according to plaintiff, that he was suffering from diabetic ketoacidosis, "a potentially life-threatening condition requiring emergency medical treatment."

On September 11, 1996, plaintiff filed a complaint in the Summit County Common Pleas Court. He claimed that defendants had violated his Eighth Amendment right to be free from cruel and unusual punishment by "the individual and collective acts of the Defendants through their exhibition of deliberate indifference to Plaintiff's serious medical needs."[3] According to plaintiff, the sheriff's deputies ignored his repeated requests for assistance and, when his condition became so serious that hospitalization was necessary, they released him from jail, drove him to the hospital, and left him at the curb.

---

3. Plaintiff also filed medical malpractice claims against the attending ARA medical staff. Those persons are not parties to this appeal.

On July 24, 1997, defendants filed a joint motion for summary judgment, which was granted by the trial court on October 9, 1997.[4] The trial court determined that plaintiff failed to demonstrate that "a custom, policy, or practice of the county caused Plaintiff's alleged constitutional deprivation," thus barring plaintiff's federal claims against defendants in their official capacity. In addition, the trial court determined that plaintiff failed to show that defendants themselves deprived plaintiff of his constitutional rights, thus barring plaintiff's federal claims against defendants in their individual capacities. Finally, the trial court determined that plaintiff failed to demonstrate "bad faith, wanton or willful acts or malicious purpose" by defendants, thus barring his state law claims based on negligence. Plaintiff timely appealed to this court.

## II

### A

Plaintiff's first assignment of error is that the trial court incorrectly granted defendants summary judgment on his federal claims because genuine issues of material fact existed concerning whether defendants acted with deliberate indifference in failing to provide him adequate medical care. He has argued that defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to adequately provide for his medical needs while incarcerated at the Summit County Jail and by taking him to the hospital, knowing that he was seriously ill, and dropping him off by the curb. Plaintiff has argued that he demonstrated a genuine issue of material fact that obligated the trial court to send this case to trial.

Section 1983, Title 42, U.S. Code provides a remedy to those persons whose federal rights have been violated by government officials. *Shirokey v. Marth* (1992), 63 Ohio St.3d 113, 116, 585 N.E.2d 407, 410; *State ex rel. Carter v. Schotten* (1994), 70 Ohio St.3d 89, 92, 637 N.E.2d 306, 309–310. The trial court analyzed plaintiff's federal claims against defendants both in their official capacities as state agents and in their individual capacities. In his brief to this court, plaintiff has not addressed the judgment of the trial court as it related to defendants' conduct in their official capacities; instead, his arguments go only to defendants' conduct in their individual capacities.

A suit against a state employee in his individual capacity is a suit against that individual defendant, rather than against the entity that employed

---

4. Apparently, the claims against members of the ARA medical staff remain pending. The trial court, therefore, amended its entry on October 28, 1997, ruling that there was "no just reason for delay," making the judgment a final, appealable order.

him. See *Kentucky v. Graham* (1985), 473 U.S. 159, 167–168, 105 S.Ct. 3099, 3105–3107, 87 L.Ed.2d 114, 123. Plaintiff failed to demonstrate any involvement by either Toth or Davis regarding his alleged constitutional deprivation. Accordingly, at oral argument, plaintiff conceded that he has no claim against defendants Toth and Davis in their individual capacities.

Plaintiff has argued, however, that he may assert a claim against defendant Richard Warren in his individual capacity because he is the sheriff of Summit County. He has argued that, because the General Assembly placed the ultimate responsibility for the health and safety of inmates on the sheriff's office, Warren had a duty to provide for the health and well-being of incarcerated inmates and could not delegate that duty to any other party. Plaintiff has continued his argument by asserting that, because the sheriff's office is ultimately responsible for his care, including medical care, Warren may be held vicariously liable for the alleged constitutional deprivation he suffered at the hands of the ARA medical staff and sheriff's deputies. Plaintiff's argument is without merit. There is no *respondeat superior* liability in a Section 1983 claim. *Shockey v. Fouty* (1995), 106 Ohio App.3d 420, 426, 666 N.E.2d 304, 307, citing *Polk Cty. v. Dodson* (1981), 454 U.S. 312, 325, 102 S.Ct. 445, 453–454, 70 L.Ed.2d 509, 520–521; see, also, *Monell v. New York City Dept. of Social Serv.* (1978), 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611, 637, fn. 58. Instead, a plaintiff must show that an individual defendant committed the act that caused the constitutional deprivation. *Kinney v. Ohio Dept. of Adm. Serv.* (1986), 30 Ohio App.3d 121, 122, 30 OBR 237, 238–239, 507 N.E.2d 399, 401–402. Plaintiff failed to demonstrate Warren's active participation in the acts that allegedly caused him to become ill. Indeed, employees of the medical staff and sheriff's deputies, not Warren, dealt with plaintiff during his stay at the jail. A lieutenant on duty, not Warren, requested his release and ordered deputies to drive him to the hospital. Because plaintiff has failed to demonstrate that Warren personally deprived him of a constitutional right, he may not maintain this Section 1983 action against Warren in his individual capacity.

Furthermore, even if plaintiff could assert a claim against defendants based on a theory of vicarious liability, he failed to demonstrate the mental state required to prove a Section 1983 claim. To maintain a Section 1983 action, a plaintiff must show (1) that the defendants acted under color of state law and (2) that the defendants acted in a manner that caused the plaintiff to be deprived of a right, privilege, or immunity secured by federal law. *Gumpl v. Wilkinson* (Aug. 31, 1994), Lorain App. No. 94CA005858, unreported, 1994 WL 466728. Plaintiff's complaint alleged a violation of the Eighth Amendment to the United States Constitution. The Eighth Amendment "prohibits the infliction of 'cruel and unusual punishments' on those convicted of crimes; it applies to the states

through the Fourteenth Amendment." *Id.* at \*2, citing *Robinson v. California* (1962), 370 U.S. 660, 675, 82 S.Ct. 1417, 1424–1425, 8 L.Ed.2d 758, 768. To prove a violation of the Cruel and Unusual Punishments Clause of the Eighth Amendment, plaintiff was required to demonstrate (1) that he suffered a serious deprivation of human need (the objective element) and (2) that defendants caused that deprivation by acting with deliberate indifference (the subjective element). *Id.,* citing *Estelle v. Gamble* (1976), 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251; see, also, *Farmer v. Brennan* (1994), 511 U.S. 825, 833–834, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811, 823.

■ Plaintiff failed to demonstrate that either the medical staff or the sheriff's deputies acted with deliberate indifference in causing any deprivation. A deliberate indifference to the serious medical needs of an inmate would amount to cruel and unusual punishment. *Payne v. Newburgh Hts.* (Apr. 11, 1991), Cuyahoga App. No. 58380, unreported, 1991 WL 53898, citing *Estelle,* 429 U.S. at 104, 97 S.Ct. at 291, 50 L.Ed.2d at 260. Mere negligence, however, is not sufficient. A plaintiff must show that a prison official knew of and disregarded an excessive risk of inmate health or safety. See *Farmer v. Brennan,* 511 U.S. at 834–841, 114 S.Ct. at 1977–1981, 128 L.Ed.2d at 824–827 (defining "deliberate indifference" in terms of subjective recklessness). As the United State Supreme Court noted in *Farmer,* "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot \* \* \* be condemned as the infliction of punishment." *Id.* at 838, 114 S.Ct. at 1979, 128 L.Ed.2d at 826. Plaintiff has claimed that the medical staff and sheriff's deputies acted with deliberate indifference when they refused to provide his medication in doses that he requested and when they obtained his release from jail, drove him to the hospital, and "dumped him on the curbside, without taking any steps to escort him to the Emergency Room or to see that he received any treatment whatsoever." The fact that plaintiff was ill, however, does not demonstrate that the medical staff or deputies appreciated the seriousness of that illness. Furthermore, even if the allegedly improper dosage was the cause of plaintiff's illness, he has not demonstrated that that dosage was given to him by a medical staff aware of the risk that the dosage posed to his health. Although plaintiff has claimed that he told the staff that he could not take the dosage they required, that fact alone does not demonstrate deliberate indifference to his medical needs.

Plaintiff has also claimed that, despite an order of an attending physician that plaintiff be taken to the hospital, the sheriff's deputies nonetheless obtained his release, knowing him to be seriously ill. Plaintiff failed to demonstrate, however, that a physician had ordered plaintiff to be taken to the hospital or that the sheriff's deputies knew and disregarded an excessive risk to his health. The most that plaintiff pointed to was a note made by a treating physician, which

contained neither a time nor a date, in which that physician noted that defendant was "admitted DKA." That note does not constitute an order to the officers to transport plaintiff to the hospital. Nor did it give those officers notice of plaintiff's condition. Defendants claimed in their summary judgment motion that it was standard procedure for a trial court to release sick prisoners who were imprisoned on misdemeanor charges and who did not pose a threat to the community. Plaintiff failed to show that defendants acted with deliberate indifference, that is, that they obtained his release knowing of and disregarding an excessive risk to his health or safety. Accordingly, he failed to demonstrate a genuine issue of material fact regarding his Eighth Amendment claims. Plaintiff's first assignment of error is overruled.

## B

Plaintiff's second assignment of error is that the trial court incorrectly granted defendants summary judgment on his state law negligence claims. He has argued that the medical staff and sheriff's deputies breached their duty of care when they failed to provide for his medical needs. He has asserted that "the deliberate indifference demonstrated on the part of the Summit County Sheriff's Office is sufficient to overcome the sovereign immunity granted to political subdivisions for simple negligence." Further, he has argued that the deputies assumed a duty of care when they transported him to the hospital. That duty, plaintiff has asserted, was "willfully and negligently" breached when the deputies "deposited" him on the curb outside the hospital.

Plaintiff's position is that he showed that the sheriff's deputies acted with deliberate indifference and thereby demonstrated that they also acted with "malicious purpose, in bad faith, or in a wanton or reckless manner," which he must show to overcome the bar of sovereign immunity. See *Cook v. Cincinnati* (1995), 103 Ohio App.3d 80, 90–91, 658 N.E.2d 814, 820 (construing R.C. 2744.03). As noted above, however, plaintiff did not show that either the medical staff or the sheriff's deputies recognized the serious risk to his health and disregarded that risk. He was ill, but he failed to demonstrate that the medical staff or deputies recognized the extent of his illness. Consequently, they did not act with deliberate indifference. This court further concludes that they did not act with malicious purpose, in bad faith, or in a wanton or reckless manner. In addition, the deputies did not disregard a known risk to plaintiff's health when they transported him to the hospital. Indeed, the deputies provided a ride to the hospital because they did not think that plaintiff would seek medical treatment on his own. Plaintiff, therefore, failed to demonstrate that the deputies acted in a manner that could overcome the immunity granted a political subdivision. Furthermore, even if plaintiff had demonstrated that the deputies knew that he was

seriously ill and dropped him off at the curb of the hospital knowing that that conduct risked his health or safety, he has failed to demonstrate any injury resulting from that action. He has claimed that he was seriously ill before the sheriff's deputies drove him to the hospital. He has not shown that, as a result of the deputies "deposit[ing]" him on the curb outside the hospital, his illness was aggravated. Consequently, plaintiff failed to demonstrate a genuine issue of material fact regarding the issue of damages or, for that matter, the issue of whether the deputies' actions caused his injuries, which would be necessary to establish or maintain a cause of action for negligence. Plaintiff's second assignment of error is overruled.

### III

Plaintiff's assignments of error are overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

SLABY, P.J., and REECE, J., concur.