OPINION
{¶ 1} Appellant Jamel A. Smith appeals the dismissal of his civil rights complaint against Appellee Timothy A. Swanson, Stark County Sheriff. The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellant was arrested by the Canton Police Department on March 7, 2002. On April 29, 2002, appellant pled guilty to various felony charges in the Stark County Court of Common Pleas. In May 2002, he was transported to prison, having served approximately 63 days at the Stark County Jail.
 {¶ 3} On January 28, 2003, appellant filed a pro se complaint pursuant to 42 U.S.C. § 1983 against Sheriff Timothy A. Swanson and two "John Doe" jail booking officers. Appellant alleged that during his booking period at the Stark County Jail in the early hours of March 8, 2002, he was denied medical care and was required to sleep on the floor for three hours without a blanket until he was placed in a cell. He further alleged that the two John Does repeatedly opened and closed an exit door, allowing cold air into the holding area. Finally, appellant claimed he was denied access to law materials and was subjected to second-hand smoke.[1]
 {¶ 4} Sheriff Swanson, represented by the Stark County Prosecutor's Office, filed a motion to dismiss the complaint on February 26, 2003, citing Civ.R. 12(B)(6). Appellant filed a response on March 11, 2003. However, on March 21, 2003, the trial court dismissed the complaint against Sheriff Swanson.
 {¶ 5} Appellant filed a notice of appeal on April 9, 2003, and herein raises the following three Assignments of Error:
 {¶ 6} "I. That appellant smith's civil rights were violated when he was upon arrival at the stark county jail systematically denied a proper physical examination: refused pain medications: forced to sleep on the floor as the bunks were full: the floor was a urine and excurment [sic] infested floor: he was forced to inhale tobacco smoke as the deputy's [sic] take their smoke breakes [sic] right in the door.
 {¶ 7} "II. That the stark county jail officials deny inmates access to the court through inadequate access to law books: pens and writing paper: no free phone calls to attorneys because of a block placed on the phones.
 {¶ 8} "III. That appellant smith had a legal right to adequate food which consists of fresh fruit and greens. the food in stark county jail is far less then [sic] adequate and it is not healthy because it doesn't contain greens."
 I. {¶ 9} We interpret appellant's First Assignment of Error as a contention that his complaint regarding jail conditions should have survived appellee's Civ.R. 12(B)(6) motion.
 {¶ 10} Appellant's complaint is couched in terms of alleged violations of the constitutional prohibition against cruel and unusual punishment in the Eighth Amendment to the United States Constitution. To prove a violation of the Cruel and Unusual Punishment Clause, a plaintiff is required to demonstrate (1) that he suffered a serious deprivation of human need and (2) that the defendant caused that deprivation by acting with deliberate indifference. Gubanc v. Warren (1998), 130 Ohio App.3d 714,720, citing Gumpl v. Wilkinson (Aug. 31, 1994), Lorain App. No. 94CA005858. Upon review of the limited factual documentation supplied by appellant to the trial court, we find no demonstration of serious deprivation of human need. Moreover, a § 1983 plaintiff must show that an individual defendant committed the act that caused the constitutional deprivation. Id., citingKinney v. Ohio Dept. of Adm. Serv. (1986), 30 Ohio App.3d 121,122. Appellant's complaint fails to allege any individual acts committed by Sheriff Swanson himself. Appellant's contention thus fails on this basis as well.
 {¶ 11} Accordingly, appellant's First Assignment of Error is overruled.
 II. {¶ 12} In his Second Assignment of Error, appellant argues that his complaint should not have been dismissed, based on the alleged failure of jail officials to provide access to the courts via law books and materials.
 {¶ 13} Prison authorities may assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law as a means to providing adequate access to the courts. Nelson v. Money (September 13, 2001), Marion App. Nos. 9-01-12, 9-2000-41, 2001-Ohio-2268, citingLewis v. Casey (1995), 518 U.S. 343. The constitutional right of access does not guarantee an inmate's access to a law library where the inmate has adequate legal representation. See Boundsv. Smith (1977), 430 U.S. 817, 827. In the case sub judice, there is no dispute appellant was represented during his criminal proceedings by the Stark County Public Defender. Therefore, we find no error in the trial court's dismissal of his access claims.
 {¶ 14} Appellant's Second Assignment of Error is overruled.
 III. {¶ 15} In his Third Assignment of Error, appellant contends that the alleged inadequacy of the food served at the jail requires a reversal of the trial court's dismissal.
 {¶ 16} It is well-settled that issues not raised in the trial court may not be raised for the first time on appeal; such issues are deemed waived. Schottenstein v. Schottenstein, Franklin App. No. 02AP-842, 2003-Ohio-5032, ¶ 8, citing State v. Burge
(1993), 88 Ohio App.3d 91, 93. In the case sub judice, appellant's complaint and amended complaint do not allege problems with the jail's food or nutritional program; hence, we find this issue waived on appeal.
 {¶ 17} Appellant's Third Assignment of Error is overruled.
 {¶ 18} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
Wise, J., Farmer, P.J., and Boggins, J., concur.
[1] On February 26, 2003, appellant amended his complaint to add the following defendants: "Stark County"; "Stark County Sheriff Department"; [Sheriff Department] Captain Brian K. Arnold; Health Care Administrator A. Jonathan Stump; and "Several Unknown and Known Physician [sic]." The within appeal addresses the dismissal of Sheriff Swanson only.