[Cite as *Magby v. Sloan, Warden*, 2019-Ohio-4317.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| RONALD MAGBY, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2019-A-0032** |
| BRIGHAM SLOAN, WARDEN, et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Ashtabula County Court of Common Pleas, Case No. 2018 CV 0608.

Judgment: Affirmed in part, reversed in part, and remanded.


*Ronald Magby*, pro se, PID# A692-721, Lake Erie Correctional Institution, 501 Thompson Road, P.O. Box 8000, Conneaut, OH 44030 (Plaintiff-Appellant).

*Timothy J. Bojanowski*, Struck Love Bojanowski & Acedo, PLC, 3100 West Ray Road, Suite 300, Chandler, AZ 85226 (For Defendants-Appellees, Gillespie, Chief Medical Officer; L. Witt, Medical Administrator; Pritchard, Deputy Warden; Reberra, Medical Director; Swanson, Advanced Level Provider; and Brigham Sloan, Warden).

*Dave Yost*, Ohio Attorney General, State Office Tower, 30 East Broad Street, 16th Floor, Columbus, OH 43215, and *Mindy Worly*, Assistant Attorney General, Criminal Justice Section, Corr. Unit, 150 East Gay Street, 16th Floor, Columbus, OH 43215 (For Defendants-Appellees, Cheryl Williams, State Medical Director; Gary Mohr, Director; and Kimberly Clipper, Warden).

*Gina DeGenova Bricker*, Assistant Prosecutor, 21 West Boardman Street, 5th Floor, Youngstown, OH 44503 (For Defendant-Appellee, Jerry Greene, Sheriff Mahoning County Justice Center).


MATT LYNCH, J.

{¶1} Plaintiff-appellant, Ronald Magby, appeals the January 31, 2019

Judgment Entry of the Ashtabula County Court of Common Pleas, dismissing Magby's Complaint for, inter alia, injunctive relief and restraining order. For the following reasons, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

{¶2} On December 30, 2016, Magby received an aggregate eight-year prison sentence following his convictions in Mahoning County Court of Common Pleas Case No. 2016 CR 00038, for the following offenses: Aggravated Arson, Domestic Violence, and Attempted Murder. Additional counts for Kidnapping and Felonious Assault were merged prior to sentencing. Magby's convictions were affirmed on appeal in *State v. Magby*, 7th Dist. Mahoning No. 17 MA 0006, 2019-Ohio-877.

{¶3} On September 19, 2018, Magby filed a Complaint for Preliminary Injunction/(TRO) Temporary Restraining Order against defendants-appellees Brigham Sloan, Warden of the Lake Erie Correctional Institution; Gary Mohr, former Director of the Ohio Department of Corrections and Rehabilitation; Cheryl Williams, State Medical Director; Kimberly Clipper, Warden of the Lorain Correctional Institution; Jerry Greene, Mahoning County Sheriff; L. Witt, Medical Administrator at Lake Erie Correctional Institution; Mr. Pritchard, Deputy Warden at Lake Erie Correctional Institution; Ms. Swanson, Advanced Level Provider at Lake Erie Correctional Institution; Ms. Reberra, Medical Director at Lake Erie Correctional Institution; and Ms. Gillespie, Chief Medical Officer at Lake Erie Correctional Institution.

{¶4} The Complaint sought a temporary restraining order, immediate medical attention/surgery, an order for discovery, declaratory judgment, compensatory/punitive damages, the appointment of counsel, and a demand for jury trial. Magby asserted his

claim to injunctive relief "for immediate medical attention/surgery due to the Claim Defendants' **Deliberate Indifference** to his serious medical needs from an **Inadvertment** [sic] failure to Act/provide adequate medical Care proscribed [sic] by the **Eighth Amendment of the United States Constitution as cruel and unusual punishment.**"

{¶5} The Complaint alleged, in relevant part, as follows:

Plaintiff suffered an injury prior to his incarceration that involved Charcoal lighter fluid on November 24, 2015. After being rushed to **St. Elizabeth Hospital**, Plaintiff was life flighted to **Akron's Burn Unit** in Akron, Ohio. Plaintiff was treated and admitted in as a patient with **third degree burns**.

Thirty days later, Akron police came to the Hospital on December 23, 2015. While there, **Mahoning County** extradited Plaintiff back to **Youngstown** for Criminal Charges related to his injuries sustained. There were some visits back and forth to the Hospital up in Akron concerning Plaintiff's injuries. During those times, Plaintiff was receiving treatment. While there, **Dr. Andrews** examined Plaintiff and made a determination that Plaintiff will **need surgery**. However, that never occurred due to Court dates and **Judge Shirley Christian** not wanting to hear about Plaintiff's scheduled Doctor appointments for treatment. The Judge denied the Doctor['s] Orders.

The same was done after Plaintiff was **sentenced, convicted,** and **transported** to (ODRC) Lorain Correctional Institution where nothing was done [as] far as immediate medical treatment/surgery, despite the fact that Plaintiff had sent in kites to medical requesting treatment/surgery and nothing was done. After 2 months of being in **Lorain Correction(s)** Plaintiff was transported to the **Lake Erie Correctional Institution** as his parent Institution. While here at **Lake Erie**, nothing is being done [as] far as medical treatment/surgery, just Cleaning and Bandaging. The State['s] **Medical Monitor** visited with Plaintiff, and took pictures of his injury that display growing **pathogen(s)** behind the **ears, neck, chest** and **back area,** causing Plaintiff severe pain and suffering. Nothing is being done to provide Plaintiff with **medical treatment/surgery,** despite Plaintiff's many efforts in contacting Medical through the Kite system.

3

{¶6} On October 16, 2018, Greene filed a Motion to Dismiss, pursuant to Civil Rule 12(B)(6).

{¶7} On October 22, 2018, Clipper and Mohr filed a Motion for Judgment on the Pleadings, pursuant to Civil Rule 12(C).[1]

{¶8} On November 28, 2018, Sloan, Witt, Pritchard, Swanson, Reberra, and Gillespie filed a Motion to Dismiss Plaintiff's Complaint, pursuant to Civil Rules 8 and 12(B)(6).

{¶9} On December 31, 2018, Magby filed a Motion Requesting for the Court to Move Forward with the Order to Show Cause/Temporary Restraining Order & Appointment of Counsel. Magby's Motion sought "immediate action" that he be "**transported** to an **outside hospital** to be **treated** and **examined** by **qualified doctors**," but was otherwise unresponsive to the Motions filed by the defendants.

{¶10} On January 31, 2019, the trial court entered a Judgment Entry granting the defendants' Motions and denying the Complaint.

{¶11} With respect to Greene's Motion, the trial court found: Magby "failed to set forth the elements of any recognizable cause of action against Defendant Sheriff Greene"; "if Plaintiff was alleging a Section 1983 claim on the part of Sheriff Greene, the purported claim would be barred by the applicable two-year statute of limitations"; and "if the claim against Sheriff Greene was not barred by the statute of limitations or the case was not dismissed for failure to state a claim, it appears the proper venue would be the Mahoning County Court of Common Pleas rather than this court due to the events and issues Plaintiff references occurring in Mahoning County and with the

---

1. Although Williams was not identified as a movant in the Motion, the record indicates that she is and has been represented by the same attorney as the other "State Defendants" (Clipper and Mohr) both before the trial court and on appeal.

4

Mahoning County Sheriff."

{¶12} With respect to Clipper and Mohr's Motion, the trial court found: Magby "has failed to give a factual rendering of what these Defendants have done" or "plead the elements of a deliberate indifference claim"; and "Plaintiff has not attached an affidavit of prior civil actions in compliance with [R.C.] 2969.25[A] nor has he attached an affidavit stating whether a grievance was filed relating to each of his claims and the date a decision was received [in compliance with R.C. 2969.25(A) and (C)]."

{¶13} With respect to Sloan, Witt, Pritchard, Swanson, Reberra, and Gillespie's Motion, the trial court found: the "Complaint is devoid of facts that establish conduct on the part of any Defendant for which they may be held liable"; inasmuch as the Complaint "indicates Plaintiff is receiving medical care and treatment for his wounds/injuries" but "is not satisfied with the medical treatment he is receiving" and "not being provided with surgery that he believes is necessary," Magby's claims are based on medical malpractice; and Magby "has not met the requirements of Civ.R. 10(D)(2) for medical malpractice actions contemplated in O.R.C. 2305.113."

{¶14} On March 1, 2019, Magby filed a Notice of Appeal. On appeal, Magby raises the following assignments of error:

{¶15} "[1.] The trial court abused its discretion when it denied appellant Magby's preliminary injunction/(TRO) restraining order without first conducting a hearing as mandated by procedure in an injunction action pursuant to Ohio Revised Code §3767.04."

{¶16} "[2.] The trial court abused its discretion and violated appellant Magby's Fourteenth Amendment right to due process of law and its equal protections when it

5

failed to address his Complaint for a preliminary injunction/(TRO) Temporary Restraining Order after appellant demonstrated and satisfied the criteria set forth in Ohio Civ.R.P. 65(A)(B) by showing a serious medical need attaching to the Complaint, an affidavit detailing his injuries and gruesome color photographs in support."

{¶17} "[3.] The trial court abused its discretion and violated appellant Magby's Fourteenth Amendment right to Due Process and Equal Protection of the law when it re-cast appellant's Complaint for Preliminary Injunction/(TRO) Temporary Restraining Order into that of a medical malpractice complaint requiring an affidavit of merit contrary to the criteria set forth in an injunction action that only requires facts shown by affidavit or by verified complaint based on an appellant's own belief sufficient enough to show cause for a hearing."

{¶18} Preliminarily, we address the argument raised by defendants Mohr, Clipper, and Williams, that Magby's failure to challenge the lack of compliance with the mandatory requirements of R.C. 2969.25 and R.C. 2969.26 is sufficient to affirm the dismissal of the Complaint as to these defendants. We disagree.

{¶19} "At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." R.C. 2969.25(A). Likewise, "if the inmate's claim in the civil action * * * is subject to the grievance system for the state correctional institution, jail, workhouse, or violation sanction center in which the inmate is confined, the inmate shall file both * * * [a]n affidavit stating that the grievance was filed and the date on which the inmate received the decision regarding the

6

grievance" and "[a] copy of any written decision regarding the grievance from the grievance system."  R.C. 2969.26(A)(1) and (2).

**{¶20}**  Attached to Magby's Complaint are two affidavits.   One contains the following averment: "I **Have** filed the following **Civil action** with in the last five years: •  Notice of Appeal in Case No. **17-MA-0006** filed **1/13/17** stemming from Criminal Case No. 16CR38 from Judge Christian, Shirley J."

**{¶21}**  The other affidavit avers: "I, affiant asserts, since my **incarceration** in **2015**, I have been trying to **seek medical attention** to **resolve** some of the issues that have **gotten wors[e]** by utilizing **Kite** and **Grievance** system inside the prison(s) I **was** and **remain housed in**."  Attached to the affidavit are kites, inmate requests/complaints, informal complaint resolutions, and health service requests submitted between March 2017 and August 2018.  These documents contain both dates and dispositions.

**{¶22}**  Magby's Complaint satisfies the requirements of R.C. 2969.25 and R.C. 2969.26 and, to the extent the trial court based its dismissal of the Complaint on the failure to comply with these statutes, its ruling is in error.  The issue of the Complaint's compliance with R.C. 2969.25 and R.C. 2969.26, however, is not dispositive of this appeal as other grounds exist for granting the defendants' Motions.

**{¶23}**  Magby's Complaint alleges the violation of his Eighth Amendment right proscribing the infliction of cruel and unusual punishments.  The United States Supreme Court has held "that deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' * * * proscribed by the Eighth Amendment."  *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), citing *Gregg v. Georgia*, 428 U.S. 153, 173, 96 S.Ct. 2909, 49 L.Ed.2d 859

7

(1976). Thus, "deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983" regardless of "whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." (Footnotes omitted.) *Id.* at 104-105. However, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment" unless the prisoner alleges "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106.

{¶24} A valid claim for an Eighth Amendment violation based on deliberate indifference contains an objective and a subjective component. In order to satisfy the objective element, the prisoner must demonstrate or, in the present circumstances, allege, the existence of a "'sufficiently serious' medical need'," i.e., a medical condition "diagnosed by a physician as mandating treatment" or one that is "so obvious that even a layperson would easily recognize the necessity for a doctor's attention." (Citations omitted.) *Mattox v. Edelman*, 851 F.3d 583, 597-598 (6th Cir.2017). The subjective element requires that the prison official have "a sufficiently culpable state of mind in denying medical care." (Citation omitted.) *Id.* It must be alleged that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The United States Supreme Court has emphasized that "an official's failure to alleviate a significant risk that he should have

8

perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment [i.e, support a deliberate indifference claim]." *Id.* at 838.

**{¶25}** "In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ.R. 12(B)(6)), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus; *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988) ("[i]n construing a complaint upon a motion to dismiss for failure to state a claim, we must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party"). Also, "the proper response to a failure to comply with Civ.R. 10(D)(2) is a motion to dismiss filed under Civ.R. 12(B)(6)," although such dismissal is otherwise than upon the merits. *Fletcher v. Univ. Hospitals of Cleveland*, 120 Ohio St.3d 167, 2008-Ohio-5379, 897 N.E.2d 147, ¶ 21.

**{¶26}** "An order granting a Civ.R. 12(B)(6) motion to dismiss is subject to de novo review." *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5.

**{¶27}** In his first assignment of error, Magby claims he was entitled to an injunction hearing pursuant to R.C. 3767.04(B)(1), which provides "[a] hearing shall be held on the application [for a temporary injunction] within ten days after the filing." The statute, however, properly applies to actions to abate nuisances pursuant to R.C. 3767.03, not Section 1983 actions.

**{¶28}** The first assignment of error is without merit.

9

{¶29} The disposition of Magby's second and third assignments of error is interrelated and these assignments will be considered jointly. In the second assignment of error, Magby claims the trial court erred by not addressing his claims for injunctive relief. In the third assignment of error, he claims the court erred by treating his claims as claims for medical malpractice, and then dismissing them for failing to comply with Civil Rule 10(D)(2). Inasmuch as Magby's Complaint states a claim for violation of the Eighth Amendment based on deliberate indifference, the court erred in treating the Complaint as one for medical malpractice and dismissing it without further consideration of its merits.

{¶30} Magby's Complaint expressly asserts that his claims are based on the defendants' "**deliberate indifference** to [his] **serious medical needs** proscribed [sic] by the **Eighth Amendment**." He describes third degree burns on his ears, neck, chest, and back as swelling, discharging fluids, and seeping blood. The wounds are "pulling tighter." These conditions cause him severe pain and suffering. Magby further alleges the existence of pathogens (disease-causing bacteria or virus) in the wounds. He claims that he was instructed by a "Dr. Andrews" that surgery is warranted: if the pathogens are not removed, he runs a risk of developing cancer.

{¶31} Magby claims the defendants "failed to Intervene and provide [him] with the necessary medical attention" despite his efforts to bring his condition to the attention of prison officials by kites and the obvious nature of his wounds. The kites, inmate requests/complaints, informal complaint resolutions, and health service requests attached to the Complaint attest that his complaints were made known to at least some of the defendants.

10

**{¶32}** Construing these allegations as true and the inferences to be drawn therefrom in Magby's favor, the Complaint fairly states a deliberate indifference claim, satisfying the objective element of serious physical harm and the subjective element of a culpable state of mind in denying medical care, at least with respect to certain defendants.

**{¶33}** We note that a deliberate indifference claim is properly an action under Section 1983, to which Civil Rule 10(D)(2)'s Affidavit of Merit requirement does not apply. "On its face, Ohio Civ.R. 10(D)(2) does not apply to the Plaintiffs' § 1983 claims because those claims allege violations of [their] rights as guaranteed by the United States Constitution, and do not raise medical claims under Ohio law. Neither Ohio nor any other State may alter or negate the rights protected by the United States Constitution or modify the means by which Congress provided for the enforcement of those rights." *Muncy v. Siefker*, N.D. Ohio No. 3:12cv2301, 2013 WL 1284233, *3; *Johnson v. Muskingum Cty. Sheriff's Dept.*, S.D. Ohio No. 2:13-cv-0025, 2013 WL 5923111, *4 (cases cited).

**{¶34}** Magby has only pled valid claims, however, against those defendants who it is alleged were actually aware of his serious medical need. "Critical to the subjective inquiry is the requirement of specific evidence that *each individual defendant* acted with deliberate indifference." *Ruiz-Bueno v. Scott*, 639 Fed.Appx. 354, 359 (6th Cir.2016). The only defendants against whom such allegations are raised are the medical providers (Witt, Swanson, Reberra, Gillespie, and Williams). These individuals have been shown to have had direct contact with Magby and/or addressed complaints raised by Magby through kites and other communications. No such allegations apply to the

11

defendants who are administrative officials (Sloan, Pritchard, Mohr, Clipper, and Greene). These individuals are alleged to be responsible in various ways for inmate safety and health care, but they are not otherwise specifically associated with Magby's safety and health care. Not only does the Complaint fail to satisfy the subjective element of a valid claim as to these defendants, but the principle of vicarious liability is not recognized in Section 1983 actions. *Pembaur v. Cincinnati*, 475 U.S. 469, 479, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986) ("§ 1983 could not be interpreted to incorporate doctrines of vicarious liability"); *Gubanc v. Warren*, 130 Ohio App.3d 714, 719, 721 N.E.2d 124 (9th Dist.1998) ("[t]here is no *respondeat superior* liability in a Section 1983 claim," rather, "a plaintiff must show that an individual defendant committed the act that caused the constitutional deprivation").

**{¶35}** To the extent indicated above, Magby's second and third assignments of error are with merit.

**{¶36}** For the foregoing reasons, the January 31, 2019 Judgment Entry of the Ashtabula County Court of Common Pleas is affirmed as to defendants Sloan, Pritchard, Mohr, Clipper, and Greene; reversed as to defendants Witt, Swanson, Reberra, Gillespie, and Williams; and remanded for further proceedings consistent with this opinion. Costs to be taxed against the parties equally.


THOMAS R. WRIGHT, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

12