[Cite as *Magby v. Sloan*, 2021-Ohio-3171.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| RONALD MAGBY, | CASE NO. 2020-A-0045 |
| Plaintiff-Appellant, | |
| - v - | Civil Appeal from the<br>Court of Common Pleas |
| BRIGHAM SLOAN,<br>WARDEN, et al., | Trial Court No. 2018 CV 00608 |
| Defendants-Appellees. | |

**O P I N I O N**

Decided: September 13, 2021
Judgment: Affirmed

*Ronald Magby*, pro se, PID# A692-721, Lake Erie Correctional Institution, 501 Thompson Road, P.O. Box 8000, Conneaut, OH 44030 (Plaintiff-Appellant).

*Timothy J. Bojanowski*, Struck Love Bojanowski & Acedo, PLC, 3100 West Ray Road, Suite 300, Chandler, AZ 85226 (For Defendants-Appellees, Chief Medical Officer Gillespie, Medical Administrator L. Witt, Deputy Warden Pritchard, Medical Director Reberra, Advanced Level Provider Swanson and Warden Brigham Sloan).

*Dave Yost*, Ohio Attorney General, State Office Tower, 30 East Broad Street, 16th Floor, Columbus, OH 43215 and *Mindy Worly*, Assistant Attorney General, Criminal Justice Section, Corr. Unit, 150 East Gay Street, 16th Floor, Columbus, OH 43215 (For Defendants-Appellees, State Medical Director Cheryl Williams, Director Gary Mohr and Warden Kimberly Clipper).

*Gina DeGenova Bricker*, Assistant Prosecutor, 21 West Boardman Street, 5th Floor, Youngstown, OH 44503 (For Defendant-Appellee, Mahoning County Justice Center Sheriff Jerry Greene).

MATT LYNCH, J.

{¶1} Plaintiff-appellant, Ronald Magby, appeals the Judgment Entry of the

Ashtabula County Court of Common Pleas, granting summary judgment in favor of defendants-appellees, Cheryl Williams, L. Witt, M. Rebera, and Dr. S. Swanson, and dismissing the Complaint. For the following reasons, we affirm the decision of the court below.

{¶2} Magby is currently an inmate at the Lake Erie Correctional Institution in Ashtabula County. Prior to his incarceration, Magby sustained third-degree burns which require ongoing treatment for "growing pathogens," swelling, discharging fluids, and seeping blood in the area of his ears, neck, chest, and back. In September 2018, he filed a Complaint for Preliminary Injunction/(TRO) Temporary Restraining Order against Williams, Witt, Rebera, Dr. Swanson, and others. The Complaint alleged, inter alia, that medical personnel failed to treat his medical condition and have shown deliberate indifference to his serious medical needs in violation of the Eighth Amendment rights under the United States Constitution.

{¶3} On January 31, 2019, the trial court dismissed the Complaint on the pleadings.

{¶4} In *Magby v. Sloan*, 11th Dist. Trumbull No. 2019-A-0032, 2019-Ohio-4317, this court reversed, in part, the judgment of the lower court to allow Magby's Eighth Amendment deliberate indifference/Section 1983 claims to proceed against Williams, Witt, Rebera, and Dr. Swanson.

{¶5} Williams filed her Answer to the Complaint on December 12, 2019. Witt, Rebera, and Dr. Swanson filed their Answer on December 13 and an Amended Answer on December 17, 2019.

{¶6} On January 9, 2020, Magby filed a Motion for Extension of Time to File a

2

Response in Opposition to the Defendant(s)['] Amended Answer in which he asserted "that his **transportation** to a[n] **outside hospital** for **surgery** remains ongoing and there will be times where he will be unable to **communicate** such to the Court in the **absen[ce]** of **counsel**." Accordingly, he sought "a (30) day extension of time or in the **alternative**, to **hold** the proceedings in **abeyance** until the completion of his surgery."

{¶7} On March 18, 2020, the trial court referred the case to mediation scheduled for June 18, 2020.

{¶8} On April 8, 2020, the trial court issued a scheduling order in which it ordered that discovery be completed by June 10, 2020 and set the matter for pretrial on July 16, 2020, and for jury trial on August 18, 2020. Additionally, the court advised: "Any dispositive motions may be filed at any time, but no later than **the discovery deadline**, with the response due **thirty (30) days** thereafter the filing [sic], unless extended by the Court, and the Court will rule without further hearing."

{¶9} On June 4, 2020, the trial court, on the motion of Witt, Rebera, and Dr. Swanson, rescheduled mediation for August 18, 2020.

{¶10} On July 8, 2020, Williams filed a Motion for Summary Judgment.

{¶11} On July 20, 2020, Witt, Rebera, and Dr. Swanson filed a Motion for Summary Judgment and, on July 22, 2020, a Joinder in the Motion for Summary Judgment of Defendant Williams.

{¶12} On July 24, 2020, the trial court issued notice of a "summary judgment hearing (no attendance required)" on August 31, 2020.

{¶13} On August 3, 2020, Witt, Rebera, and Dr. Swanson filed a Motion to Continue the August 18, 2020 Mediation on the grounds that Magby's responses to the

3

Motion for Summary Judgment were due on August 7 with respect to Defendant Williams and August 17 with respect to Witt, Rebera, and Dr. Swanson and that they anticipated filing a Reply in support of their Motion for Summary Judgment.

{¶14} On August 6, 2020, the trial court continued the mediation without setting a new date.

{¶15} On September 15, 2020, Williams filed a Motion to Stay or Reset Final Pretrial and Trial Dates Pending Resolution of Motion for Summary Judgment, "to allow time for the Court to review and issue its opinion on Defendant's motion for summary judgment."

{¶16} Also on September 15, 2020, the trial court granted the defendants' Motions for Summary Judgment and dismissed the Complaint. The court noted that Magby did not "file a response" to the pending motions. The court held:

> Evidence and affidavits provided by defendants show plaintiff made efforts to make the defendants aware of his medical needs, and that in fact his medical needs were being addressed appropriately. Plaintiff was not satisfied or in agreement with his course of treatment prescribed. As the defendants state, it is uncontested that, other than Dr. Swanson, none of the named defendants are doctors or nurses treating plaintiff. * * *
>
> Plaintiff has attached notes or "kites" he has sent to the prison personnel complaining of his purported medical condition. The notes or "kites" show the responses from the personnel stating plaintiff is receiving daily treatment and regular visits to the doctor or nurses. Plaintiff was seeing doctors regularly with a course of treatment and a plan to address his concerns and medical needs. Plaintiff's condition has been monitored at least twice weekly. Defendants have shown that plaintiff did receive surgery and further treatment from providers as this case was pending.
>
> Plaintiff has failed to give a factual rendering of what these defendants have done to him or failed to do, entitling him to recovery. The elements of a deliberate indifference claim include having a serious medical claim that needs obvious attention, recognizable by

4

a layperson who knows of and disregards the risk to inmate health or safety. * * *

Everything before the court shows plaintiff was receiving continued treatment before and during the pendency of this lawsuit. Plaintiff has not been denied appropriate medical care. Nowhere does plaintiff allege that the defendants took any action to deny him medical care or treatment that was not prescribed by medical personnel. Defendants were not in a position to deny him medical treatment. Defendants have no authority to tell the doctors and nurses treating plaintiff what was proper treatment for plaintiff.

{¶17} On October 1, 2020, Magby filed a Notice of Appeal. On appeal, he raises the following assignment of error: "The trial court abused its discretion and violated appellant Magby's Fourteenth Amendment right to Equal Protection of the Law under the United States Constitution and Article I, Section 10 of the Ohio Constitution when granting the State Defendants' Motions for Summary Judgment without giving Appellant the opportunity to respond."

{¶18} "Summary judgment is a procedural device to terminate litigation and to avoid a formal trial where there is nothing to try." (Citation omitted.) *Norris v. Ohio Standard Oil Co.*, 70 Ohio St.2d 1, 2, 433 N.E.2d 615 (1982). "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party." Civ.R. 56(E). "A decision granting or denying a motion for summary judgment is reviewed do novo." *A.J.R. v. Lute*, 163 Ohio St.3d 172, 2020-Ohio-5168, 168 N.E.3d 1157, ¶ 15.

{¶19} "In all cases, a trial court is under an obligation to allow time for a full and

5

fair response before ruling on a motion for summary judgment * * *." *Hooten v. Safe Auto Ins. Co.*, 100 Ohio St.3d 8, 2003-Ohio-4829, 795 N.E.2d 648, ¶ 40. When, as here, "a trial court does not hold an oral hearing on a summary judgment motion, Civ.R. 56 requires, as a matter of due process, that the nonmoving party receive notice of the deadline date for the opposing party's response to the summary judgment motion or of the date on which the motion is deemed submitted for decision." *Id.* at ¶ 17.

{¶20} According to the Civil Rules, "[r]esponses to motions for summary judgment may be served within twenty-eight days after service of the motion." Civ.R. 6(C)(1). The trial court, in its April 8 scheduling order, afforded Magby thirty days to respond to the defendants' Motions for Summary Judgment. The court extended this period even further by giving notice on July 24 of a nonoral hearing on August 31. The August 31 date is fifty-four days after the filing of Williams' Motion for Summary Judgment and forty-two days after the filing of Witt, Rebera, and Dr. Swanson's Motion for Summary Judgment. To rule on the Motions prior to the expiration of these deadlines would have constituted a denial of due process/the opportunity to respond. *See, e.g., Bank of New York v. Goldberg*, 11th Dist. Geauga No. 2019-G-0204, 2019-Ohio-3998. Rather than ruling prematurely, the trial court in the present case did not issue its decision until fifteen days after the date set for nonoral hearing. Given the record before this court, there are no grounds for concluding that the court infringed Magby's due process rights by denying him the opportunity to respond to the Motions for Summary Judgment.

{¶21} Magby argues on appeal that the trial court deprived him of the opportunity to respond by ruling on the Motions for Summary Judgment on the same day that Williams moved the court to continue the dates of the final pretrial and trial, "having appellant

6

Case No. 2020-A-0045

believing that a mediation hearing would be conducted to bring about a final resolution to the Civil Complaint." Appellant's brief at 5. The points raised, however, have little bearing on Magby's ability to oppose summary judgment. Williams' motion to continue the pretrial and trial dates did not compromise Magby's ability to respond to her Motion for Summary Judgment which was filed fifty-four days earlier. The motion to continue was never ruled upon but was rendered moot by the court's summary judgment ruling which was issued a little over an hour after the motion to continue was filed. Thus, there was no need to respond to it. With respect to mediation, at the time the court ruled on summary judgment, there was no mediation pending. The court essentially suspended mediation by cancelling but not rescheduling it. Magby could not have reasonably believed that the court would defer ruling on summary judgment until mediation concluded when the court had suspended mediation for the purpose of ruling on summary judgment.

{¶22} Magby also contends that the Civil Rules were violated because the defendants did not seek leave of court before filing their Motions for Summary Judgment after the case had been set for pretrial and trial. Civ.R. 56(A) ("[i]f the action has been set for pretrial or trial, a motion for summary judgment may be made only with leave of court"). The record contradicts this assertion. All the defendants in this case sought and obtained leave to file dispositive motions after the expiration of the stated deadline of June 10, 2020.

{¶23} Finally, Magby's Motion for Extension of Time to File a Response to the Amended Answer filed on January 9, 2020, on the grounds that his medical treatment interfered with his ability to communicate with the trial court, was wholly inadequate to apprise the court that additional time would be needed to respond to summary judgment

7

motions that would not be filed for another six months. Deadlines for opposing summary judgment were fixed by the court in April and July. If compliance with these deadlines was not practicable it was incumbent upon Magby to advise the court thereof and request additional time.

{¶24} As noted by the defendants in their appellate briefs, there is abundant authority supporting the grant of summary judgment in similar circumstances. *Hudson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 04AP-562, 2004-Ohio-7203, ¶ 17 ("[b]ased on the record before us, we cannot discern that [prior to the dismissal of the case for failure to prosecute], appellant informed the court of her medical issues and need for a continuance"); *McGinnis, Inc. v. Lawrence Economic Dev. Corp.*, 4th Dist. Lawrence No. 02CA33, 2003-Ohio-6552, ¶ 33 ("[a] trial court may grant a properly supported motion for summary judgment if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that there is a genuine issue for trial"); *NDB Mtge. Co. v. Marzocco*, 2d Dist. Montgomery No. 18824, 2001 WL 1346030, *11 ("[s]ince the Marzoccos did not respond by [the deadline for responding], or indeed at any time thereafter, and never asked for a further continuance, the trial court was certainly justified in ruling on the pending summary judgment motion"); *Progressive Cas. Ins. Co. v. Bryan*, 11th Dist. Lake No. 93-L-188, 1994 WL 321203, *2 (summary judgment was appropriate where "appellant did not respond to appellee's motion for summary judgment, and therefore, did not submit opposing evidentiary materials on any of the issues for which it bore the burden of production at trial").

{¶25} The sole assignment of error is without merit.

{¶26} For the foregoing reasons, the judgment of the Ashtabula County Court of

Case No. 2020-A-0045

Common Pleas is affirmed.  Costs to be taxed against the appellant.


CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.

9