[Cite as *Byrd v. Newark*, 2021-Ohio-3983.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| HOUSTON BYRD, JR. | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellant | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 2021 CA 00051 |
| CITY OF NEWARK, et al. | |
| Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDING:      Civil Appeal from the Court of Common
Pleas, Case No. 2020 CV 01297


JUDGMENT:      Affirmed


DATE OF JUDGMENT ENTRY:      November 8, 2021


APPEARANCES:

For Plaintiff-Appellant      For Defendant-Appellee

HOUSTON BYRD, JR.      MEL L. LUTE, JR.
PRO SE      ADAM J. ARES
241 North 10th Street      BAKER, DUBLIKAR, BECK,
Newark, Ohio 43055      WILEY & MATHEWS
     400 South Main Street
     North Canton, Ohio 44720

*Wise, J.*

**{¶1}** Plaintiff-Appellant Houston Byrd, Jr. appeals the June 18, 2021, decision of the Licking County Court of Common Pleas granting the motion to dismiss filed by Appellees City of Newark, et al.

## STATEMENT OF THE FACTS AND CASE

**{¶2}** The following recitation of the facts are taken from Appellee's brief.

**{¶3}** On October 8, 2020, at 1:21 p.m., Appellant Houston Byrd, Jr. received an email response from Licking County Dog Warden Officer David Shellhouse stating that he must contact Animal Control Officer Toby Wills to address a barking dog issue.

**{¶4}** On October 9, 2020, Appellant Byrd emailed a Newark employee complaining of barking dogs and loud music.

**{¶5}** On October 14, 2020, Appellant emailed Sgt. Bline regarding this "noise complaint." The email began: "Dear office, thanks for the info. Second, thanks for helping with the barking dog." (Complaint, p. 10). The email goes on to list "other issues in the neighborhood," such as people operating businesses, kids operating four-wheelers, loud music, speeding cars, and people burning trash.

**{¶6}** On October 23, 2020, Appellant sent another email to various City officials. This email again complained of the barking dog and inquired if the City undertook any action to address the dog issue.

**{¶7}** On October 30, 20201, Appellant sent another similar email to Officer Wills complaining of the barking dog.

**{¶8}** On October 31, 2020, Appellant sent two emails asking that an officer be sent to the house with the barking dog.

**{¶9}** That same day, Officer Bell of the Newark Police Department responded to Appellant and advised him that he should call when the dog is barking, and the police department would be happy to send an officer out to address the issue. In Officer Bell's email to Appellant, he indicated that he "cc'd" Animal Control Officer Wells on the email. This email address ("NPRD-Toby Wills") was different than the email address plaintiff had previously been using to attempt to reach Officer Wills, which also spelled his last name incorrectly: twillis@newarkohio.net.

**{¶10}** On November 1, 2020, Appellant sent two more emails: one to Officer Bell and another to the "twillis@newarkohio.net" email address, again complaining of the neighboring barking dog.

**{¶11}** On November 26, 2020, Appellant sent another email to Sgt. Bline and Officer Wills (the first such email from Appellant to the "NPD-Toby Wills" email address). This email stated, in part: "I requested some information so I could provide to the neighbors to show them that you all were at least attempting to resolve the barking issue." (Complaint, p. 2). This email goes on to again complain of the barking dog.

**{¶12}** On November 30, 2020, Appellant Houston Byrd, Jr. filed a Complaint naming the City of Newark, Officer Toby Wills, and Sgt. Doug Bline as defendants. In said Complaint, and later filings, Appellant appears to claim that the City of Newark failed to comply with its Charter, certain City Ordinances, Revised Code Chapter 3767, and the State Constitution.

**{¶13}** On December 28, 2020, the City of Newark, Officer Toby Wills, and Sgt. Doug Bline filed a motion to dismiss.

{¶14}  On January 15, 2021, Appellees filed a reply brief in support of their motion to dismiss.

{¶15}  By Judgment Entry filed June 18, 2021, the trial court granted Appellees' motion to dismiss, finding that Appellant failed to set forth a claim upon which relief can be granted.

{¶16}  Appellant now appeals.

Appellate Rule 16

{¶17}  We begin by noting Appellant has failed to comply with App.R. 16 and Local App.R. 9.

{¶18}  App.R. 16(A) provides: The appellant shall include in its brief, under the headings and in the order indicated, all of the following:

(1) A table of contents, with page references.

(2) A table of cases alphabetically arranged, statutes, and other authorities cited, with references to the pages of the brief where cited.

(3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.

(4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates.

(5) A statement of the case briefly describing the nature of the case, the course of proceedings, and the disposition in the court below.

(6) A statement of the facts relevant to the assignments of error presented for review, with appropriate references to the record * * *

(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

(8) A conclusion briefly stating the precise relief sought.

**{¶19}** Appellant's does not satisfy any of the requirements of App.R. 16. Most importantly, Appellant fails to present this Court with a stated assignment of error.

**{¶20}** Further, Appellant's brief fails to comply with Loc.R. 9(A) of the Fifth Appellate District, as it does not include a copy of the judgment entry from which Appellant appeals.

**{¶21}** Such deficiencies are tantamount to the failure to file a brief and permit this Court to dismiss Appellant's appeal.

**{¶22}** Although this Court has the authority under App.R. 18(C) to dismiss an appeal for failure to file a brief, we shall not do so here. Notwithstanding the omissions in Appellant's brief, in the interests of justice and finality, we elect to review the issues raised in Appellant's appeal.

### ASSIGNMENT OF ERROR

**{¶23}** While Appellant did not present any assignments of error in accordance with App.R. 16(A), upon review of Appellant's brief, it would appear that Appellant seeks this court to rule that the trial court erred in granting Appellees' motion to dismiss because it was not timely filed.

**I.**

**{¶24}** Appellant herein argues that Appellees' motion to dismiss was not timely filed. We disagree.

**{¶25}** In the case *sub judice*, the trial court dismissed Appellant's complaint pursuant to Civ.R. 12(B)(6). Said rule permits dismissal for "failure to state a claim upon which relief can be granted." Under this standard, a trial court is limited to a review of the four corners of the complaint; however, "[d]ocuments attached to or incorporated in the complaint may be considered on a motion to dismiss pursuant to Civ.R. 12(B)(6)." *NCS Healthcare, Inc. v. Candlewood Partners, L.L.C.*, 160 Ohio App.3d 421, 2005-Ohio-1669, 827 N.E.2d 797, ¶ 20 (8th Dist.). In considering the motion, a trial court "must accept as true all factual allegations in the complaint and construe any reasonable inferences in favor of the non-moving party." *Valentine v. Cedar Fair, L.P.*, 6th Dist. Erie No. E-20-018, 2021-Ohio-2144, ¶ 22, citing *Alford v. Collins-McGregor Operating Co.*, 152 Ohio St.3d 303, 2018-Ohio-8, 95 N.E.3d 382. In order for a trial court to dismiss a complaint under Civ.R. 12(B)(6), "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. University Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus.

**{¶26}** Upon review we find that Appellant did not raise the issue of timeliness before the trial court. It is well-settled that issues not raised in the trial court may not be raised for the first time on appeal; such issues are deemed waived. *Smith v. Swanson*, 5th Dist. Stark No. 2003CA00140, 2004-Ohio-2652, ¶ 16, citing *Schottenstein v. Schottenstein*, Franklin App. No. 02AP-842, 2003-Ohio-5032, ¶ 8, internal citation omitted.

**{¶27}** Even if we were to find Appellant did not waive his argument as to the timeliness of Appellees' motion to dismiss, we find said argument to be without merit. Appellees' motion to dismiss was timely filed. Appellees filed the motion to dismiss within twenty-eight days, in accordance with Civ.R. 12. "Filing a Civ.R. 12(B)(6) motion is an alternative to answering the complaint. A defendant who files such a motion need not answer the complaint until after the motion is decided." *Baker v. Ohio Dep't of Rehab. & Carr.,* 144 Ohio App.3d 740, 754 (4th Dist. 2001).

**{¶28}** Based on the foregoing, we find Appellant's arguments not well-taken and overrule same.

**{¶29}** The decision of the Court of Common Pleas, Licking County, Ohio, is affirmed.

By: Wise, J.

Gwin, P. J., and

Delaney, J., concur.

JWW/kw 1101